IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

STEVEN RAY WOOD                                                         PLAINTIFF
ADC #181264

V.                             NO. 4:24-cv-00361-BRW-ERE

JAMES GIBSON                                                            DEFENDANT

### RECOMMENDED DISPOSITION

I.  **Procedure for Filing Objections**

This Recommended Disposition ("RD") has been sent to United States District Judge Billy Roy Wilson. You may file objections if you disagree with the findings and conclusions set out in the RD. Objections should be specific, include the factual or legal basis for the objection, and must be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact, and Judge Wilson can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

II.  **Discussion**

　　A.  **Background**

On April 24, 2024, *pro se* plaintiff Steven Ray Wood, an Arkansas Division of Correction ("ADC") inmate, filed this lawsuit under 42 U.S.C. § 1983. *Doc. 2*. Mr. Wood's complaint alleges that Warden James Gibson ordered ADC officers to issue Mr. Wood a major disciplinary each day that he fails to attend G.E.D.

educational classes in retaliation for Mr. Wood filing a lawsuit against Warden Gibson in Lincoln County Circuit Court. He sues Warden Gibson in his official capacity seeking only injunctive relief.

Warden Gibson now seeks to dismiss Mr. Wood's claims against him based on his failure to state a plausible constitutional claim for relief. *Doc. 6*. Mr. Wood has responded to Warden Gibson's motion (*Doc. 10*),[1] which is now ripe for review.

**B.    Standard**

To survive a motion to dismiss, a complaint must allege sufficient facts that, when accepted as true, state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When determining whether a complaint states a facially

---

[1] In his response to Warden Gibson's motion, Mr. Wood alleges that Warden Gibson's conduct violates the Religious Land Use and Institutionalized Person Act ("RLUIPA") and the Double Jeopardy Clause of the Fifth Amendment. *Doc. 10 at 9*. Any such claims fail.
    First, to state "a prima facie RLUIPA claim against a state official, an inmate must show, as a threshold matter, that there is a substantial burden on his ability to exercise his religion." *Van Wyhe v. Reisch*, 581 F.3d 639, 655 (8th Cir. 2009) (internal citations and quotations omitted). Here, Mr. Wood's allegations are completely unrelated to his ability to practice his religion.
    Second, the Double Jeopardy Clause is applicable to proceedings that are "essentially criminal" in nature, *Breed v. Jones*, 421 U.S. 519, 528 (1975), and prison disciplinary proceedings, which are not part of a criminal prosecution, do not trigger double jeopardy protections. *Kerns v. Parratt*, 672 F.2d 690, 691–92 (8th Cir. 1982) (holding prison disciplinary proceedings implicate due process protections but "do not place an offender in jeopardy for purposes of the double jeopardy clause"); *Matter of Caranchini*, 160 F.3d 420, 423 (8th Cir. 1998) (citing *Mississippi State Bar v. Young*, 509 So. 2d 210, 214 n.1 (Miss. 1987)) ("Most states which have addressed the matter have held that disciplinary proceedings are not so criminal in nature as to evoke double jeopardy protections").
    .

2

plausible claim, a district court accepts the factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010). Factual allegations must "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Mere "labels and conclusions" are insufficient, as is a "formulaic recitation of the elements of a cause of action." *Id.* at 555. Legal conclusions couched as factual allegations may be disregarded. See *Iqbal*, 556 U.S. at 679.

### C.     Retaliation Claim

"As a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions for engaging in protected speech." *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019) (quoting *Hartman v. Moore*, 547 U.S. 250, 256 (2006) (cleaned up)). To state a retaliation claim, Mr. Wood must allege facts which, taken as true, support a reasonable inference that: (1) he engaged in constitutionally protected activity; (2) Warden Gibson took adverse action against him that would chill a person of ordinary firmness from engaging in that activity; and (3) retaliation was the motivating factor for the adverse action. *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007).

Mr. Wood's alleged constitutionally protected activity is filing a lawsuit against Warden Gibson in Lincoln County Circuit Court. This allegedly prompted

Warden Gibson to instruct ADC officials to bring a major disciplinary against Mr. Wood each day he refused to attend G.E.D. classes.

Based on a review of Mr. Wood's state court filings, he has filed two cases in Lincoln County Circuit Court that are potentially relevant to his pending claim. The following information regarding both cases is found in the public record.[2]

### 1. Mr. Wood's First State Court Case – *Wood I*

On July 13, 2023, Mr. Wood filed a "motion for order" in Lincoln County Circuit Court, *Wood v. Thompson*, No. 40CV-23-97 (Lincoln County Cir. Ct.) ("*Wood I*").

In his motion, Mr. Wood names Principal Nathaniel Thompson as the only Defendant. Mr. Wood complains that Principal Thompson has issued him major disciplinaries each day that he failed to attend his G.E.D. classes. On October 11, Mr. Wood filed a letter to the Clerk in *Wood I* which the Court considered as a motion for an extension of time to perfect service for Principal Thompson. On January 22, 2024, the Lincoln County Circuit Court granted Mr. Wood's motion and provided him an additional 120 days to perfect service for Principal Thompson. Mr. Wood has not filed any further pleadings in *Wood I*.

---

[2] Information regarding Mr. Wood's state court cases is available on "CourtConnect" on the Arkansas Judiciary website. See https://caseinfo.arcourts.gov (last visited June 13, 2024).

4

### 2. Mr. Wood's Second State Court Case – *Wood II*

On December 7, 2023, Mr. Wood filed a "petition for writ of mandamus" in Lincoln County Circuit Court, *Wood v. Gibson*, No. 40CV-23-154 (Lincoln County Cir. Ct.) ("*Wood II*"). In his petition, Mr. Wood makes allegations similar to the claim raised in this case. He complains that Warden Gibson instructed Principal Thompson to issue him major disciplinaries each day that he refuses to go to school.

On February 9, 2024, Warden Gibson moved to dismiss Mr. Wood's petition based on his failure to perfect service. On April 24, 2024, the Lincoln County Circuit Court granted Warden Gibson's motion. That same day, the Clerk docketed Mr. Wood's complaint in this case. *Doc. 2*.

### 3. Insufficient Facts To Indicate Unlawful Retaliation

While Mr. Wood has asserted facts to show that he engaged in constitutionally protected activity, he fails to plead facts plausibly linking that activity to unlawful retaliation. Allegations of retaliation must be more than speculative and conclusory.

Based on the dates contained in Mr. Wood's state court lawsuits, Principal Thompson, at Warden Gibson's direction, began issuing Mr. Wood major disciplinaries each day that he refused to attend educational classes *before* he filed cases against either Principal Thompson or Warden Gibson.[3] Thus, the alleged

---

[3] In addition, because Mr. Wood failed to perfect service for Warden Gibson in *Wood II*, it is unclear whether Warden Gibson ever learned about *Wood II*.

retaliation occurred *before* Mr. Wood engaged in the constitutionally protected activity of filing a lawsuit. It is implausible that Warden Gibson could have been improperly motivated by something that had not yet occurred.

As explained in *Rienholtz v. Campbell*, "an inmate cannot immunize himself from adverse administrative action by prison officials merely by filing [lawsuits] and then claiming that everything that happens to him is retaliatory." 64 F. Supp. 2d 721, 733 (W.D. Tenn. 1999) (internal citation omitted). "If that were so, then every prisoner could obtain review of non-cognizable claims merely by filing a lawsuit or grievance and then perpetually claiming retaliation." *Id*.

Mr. Wood has failed to allege fact to allow a reasonable inference: (1) of a causal connection between any lawsuit he filed and Warden Gibson's actions; and (2) a retaliatory motive on Warden Gibson's part. His speculative allegations are insufficient to state a plausible claim for retaliation. Accordingly, Warden Gibson's motion to dismiss should be granted.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Warden Gibson's motion to dismiss (*Doc. 6*) be GRANTED.

2. Mr. Wood's retaliation claim against Warden Gibson be DISMISSED, without prejudice.

3. The Clerk be instructed to close this case.

DATED 13 June 2024.

_____
UNITED STATES MAGISTRATE JUDGE